

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 1:12-CR-16 |
| § | |
| ROBERT LANE KIRKLAND § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Robert Lane Kirkland, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #39) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on February 12, 2020, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.  That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On November 9, 2012, The Honorable Marcia A. Crone sentenced the defendant after he pled guilty to Felon in Possession of a Firearm, a Class C felony. Judge Crone sentenced Mr. Kirkland to 48 months imprisonment followed by a three (3) year term of supervised release; subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 special assessment. On August 24, 2018, Robert Lane Kirkland completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of release in the following manner:

*The defendant shall not commit another federal, state, or local crime.*

On January 28, 2019, during a traffic stop by the Liberty County Sheriff's Office, Robert Lane Kirkland, accompanied by Alicia Gonzales, was arrested for tampering with evidence, a state jail felony. Once Robert Kirkland and Alicia Gonzales were placed in the rear of a police vehicle, video surveillance camera revealed Kirkland remove a bag of suspected methamphetamine, and Gonzales assisted him in placing the suspected methamphetamine in his mouth, which he chewed and swallowed. He was transported to the hospital and had his stomach pumped. He was then transported to the Liberty County Jail, where he remains in custody at this time.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, the Government would submit testimony from Liberty County Sheriff's Deputy John Mendoza who would testify regarding the circumstances of the traffic stop on January 28, 2019. The Government would also submit into evidence a copy of the video of the January 28, 2019, traffic stop as described in the Petition.

Defendant, Robert Lane Kirkland, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that violated state law in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the

evidence that the defendant violated a mandatory condition of his supervised release by violating state law. This conduct constitutes a Grade A or a Grade B violation under U.S.S.G.§ 7B1.1(a), dependent on the underlying conduct. Upon finding a Grade A or Grade B violation, the Court shall revoke the defendant's supervised release. See U.S.S.G. § 7B1.3(a). Upon finding a Grade B violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 33 to 41 months for a Grade A violation and 21 to 27 months for a Grade B violation. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment in this case is two (2) years because the original conviction was a Class C felony. *See* 18 U.S.C. § 3583(e)(3). The maximum term of imprisonment, whether a Grade A or Grade B violation, is therefore capped at twenty-four (24) months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and the defendant's own admission supports a finding that the defendant, Robert Lane Kirkland, violated his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Robert Lane Kirkland, to serve a term of **twenty- four (24) months imprisonment**, with no further term of supervision to follow. The Court also recommends that Mr. Kirkland receive credit for time spent in federal custody on this revocation proceeding.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See*

*Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 17th day of February, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE